### SULLIVAN et al. v. CARTIER et al.

(Circuit Court of Appeals, Ninth Circuit. June 20, 1906.)

No. 1,268.

1. INJUNCTION—WRONGFUL ISSUANCE—BOND—DAMAGES—PLEADING.
    Where, in an action on an injunction bond, the damages were specifically alleged and itemized, the recovery was limited to the items alleged.
    [Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, §§ 586–597; vol. 15, Cent. Dig. Damages, § 449.]

2. SAME—INSTRUCTIONS.
    In an action on an injunction bond, the court charged that the amount of damages, if any, recoverable, should not exceed in the aggregate the amount prayed for in the complaint, but that if plaintiff was entitled to recovery, the jury, in measuring the damages, should consider "all damages," if any, that had their origin and direct and immediate cause in the restraining order during the period from the date the restraining order was served until it was dissolved. *Held*, that the words "all damages" as used in such instruction did not render it erroneous, as misleading the jury to allow damages not claimed in the complaint.

3. SAME—ATTORNEY'S FEES.
    In an action on an injunction bond, attorney's fees paid in procuring the dissolution of a temporary restraining order was not a proper element of damages.
    [Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 597.]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

J. C. Campbell, W. H. Metson, F. C. Drew, Albert Fink, and Ira D. Orton, for plaintiffs in error.

W. Lair Hill, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This is an action brought by defendants in error to recover damages on a bond given to obtain a temporary restraining order. The original action was in ejectment to recover possession of a fractional mining claim described as the "Little Chance Fraction." At the time the original action was commenced an order to show cause was made, directing the said defendants in error to appear before the court on August 29, 1903, to show cause why an injunction should not issue pendente lite, enjoining said defendants in error from mining upon or extracting

any gold from said claim, and in the meantime restraining the said defendants in error from so doing. The bond upon which this suit was brought was given to obtain this temporary restraining order. On the hearing the injunction pendente lite was granted. Afterwards, on April 9, 1904, the action in ejectment was tried, resulting in a judgment for the defendants in error.

The amended complaint set out several specific different causes of action, and damages in certain amounts were claimed in each count "by reason of the wrongful issuance of said injunction order." Some of the causes of action were eliminated during the trial. The different causes of action included: (1) The reasonable value of attorney's fees in "attempting to secure the dissolution of said injunction and restraining order," the damages alleged being in the sum of $1,000; (2) damages for 223 days lost time during the period of injunction in the sum of $3,045; (3) in making certain trips and in securing certain witnesses for the purpose of resisting said restraining order, and in attempting to have the same dissolved and set aside, in the sum of $1,000.

The court instructed the jury, among other things, as follows:

"If you believe from all the evidence that the plaintiffs are entitled to recover damages against the defendants, then I instruct you that in measuring the damages of the plaintiffs you are to consider all the evidence submitted to you and allow the plaintiffs for the loss of their time, if any, as hereinafter limited, their expenses, if any, in seeking to dissolve or set aside said restraining order, including a reasonable sum as attorney's fees, if you find they employed an attorney in an effort to dissolve the injunction and in answering the order to show cause, but the amount of the damages, if any, recoverable, shall not exceed, in the aggregate, the amount prayed for in the plaintiffs' complaint, to wit, the sum of $2,500. * * * You are instructed that if you find from all the evidence that the plaintiffs are entitled to recover damages from the defendants, then in measuring the damages from the defendants to plaintiffs you are to consider all damages, if any, that had their origin and direct and immediate cause in said restraining order during the period which dates from the time the restraining order was served on the present plaintiffs up until the time of the dissolution of the same, to wit, November 9, 1903."

We do not think the court erred in giving the last instruction as to the measure of damages. We agree with plaintiffs in error that when damages are specifically alleged and itemized, the recovery should be limited to the items alleged. It would be erroneous, in such a case, to allow a recovery for damages not claimed in the pleadings. The specific objection is to the use of the words "all damages." We are of opinion that the jury, in the light of all the facts shown by the record, could not have been misled into the belief that it had the right to consider any damages not alleged in the complaint nor proven at the trial, or that the jurors could have drawn therefrom the idea that they were not required to limit the amount of recovery on each count to the amount of damages claimed therein. But, for the reasons stated in Lindeberg v. Howard (recently decided) 146 Fed. 467, the judgment must be reversed on the ground that the court erred in submitting "attorney's fees" as an element of damage to be considered by the jury.

Judgment reversed, and cause remanded for new trial.