TENTH WARD ROAD DIST. NO. 11 OF AVOYELLES PARISH v. TEXAS & P. RY. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. March 2, 1926.)

No. 4587.

1. Injunction ⊂⇒257—Without a bond, damages for wrongful injunction are not recoverable unless malicious prosecution is shown.

Without an injunction bond, damages are not recoverable in a federal court for wrongfully suing out an injunction unless a case of malicious prosecution is made out.

**2. Appeal and error ⊗➤1208(5)—Restitution after reversal does not include something that party has not received.**

Restitution of the amount received under a decree afterward reversed will be ordered in equity, and will sustain an action at law, but the condition of the restoration is always that the party against whom restitution is sought shall have received by virtue of the decree what he is asked to restore.

**3. Appeal and error ⊗➤1208(5)—Reversal of decree granting injunction held not to entitle defendant to recover damages.**

Reversal of a decree under which an injunction was granted restraining collection of taxes *held* not to entitle the municipality enjoined to recover damages alleged to have resulted incidentally from the injunction.

**4. Limitation of actions ⊗➤127 (16)—Cause of action for malicious prosecution set up in amended bill held barred by one-year limitations (Rev. Civ. Code La. art. 3536).**

A cause of action for malicious prosecution *held* barred by prescription of one year under Rev. Civ. Code La. art. 3536, where set up for the first time in an amended bill filed more than five years after it accrued.

**5. Limitation of actions ⊗➤55(1).**

Cause of action for malicious prosecution accrues as respects limitations on termination of prosecution by final decision on appeal from judgment therein.

**6. Limitation of actions ⊗➤127(11)—Supplemental bill setting up new cause of action held not to relate back to filing of original bill.**

The filing of supplemental bill, setting up a new cause of action, does not relate back to the filing of the original bill for the purpose of the statute of limitations.

**7. Courts ⊗➤375—State statute of limitations applies to legal cause of action, though set up in equity cause.**

Where a cause of action set up in a supplemental bill is one at law, of which the court of equity takes jurisdiction only because the proceeding is ancillary, the state statute of limitations applies as it would in an action at law.

Appeal from the District Court of the United States for the Western District of Louisiana; Rufus E. Foster, Judge.

Ancillary bill filed by the Tenth Ward Road District No. 11 of the Parish of Avoyelles, State of Louisiana, in a receivership suit against the Texas & Pacific Railway Company and others. From a decree dismissing the bill, the District appeals. Affirmed.

Lewis R. Graham, of New Orleans, La., and G. L. Porterie, of Marksville, La., for appellant.

Esmond Phelps, of New Orleans, La., for appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from a decree of the District Court, dismissing appellant's bill of complaint. On May 24, 1917, the receivers of the Texas & Pacific Railway Company filed an ancillary bill in the receivership proceedings, then pending in the United States District Court for the Western District of Louisiana, against the police jury of the parish of Avoyelles, the tax collector of the parish, and the boards of supervisors of certain road districts thereof. The bill attacked the validity of the proceedings creating seven of the road districts in said parish and of the special taxes and bond issues authorized by the voters and the governing authorities thereof. On May 28, 1917, the District Court entered an order for a hearing of the application for an injunction pendente lite before three judges under section 266 of the Judicial Code (Comp. St. § 1243), and also granting a temporary restraining order, without bond, against the tax collector of the parish of Avoyelles, "enjoining and restraining him from selling or attempting to sell any property of the Texas & Pacific Railway Company situated in the parish of Avoyelles, to enforce the payment or collection of any tax or taxes levied under or by virtue of the laws, ordinances, and proceedings referred to in the bill of complaint," and that the injunction remain in force pending the hearing of the motion for a temporary injunction. No restraining order was issued against any one of the defendants except the tax collector. The receiver gave no injunction bond. The application for a preliminary injunction was heard before three judges, but no decision was rendered on it; and the case was finally decided by the District Judge on the merits.

The decree of the District Court sustained the validity of the taxes assessed in two of the road districts, declared invalid the taxes assessed in three of the road districts, and did not pass upon the validity of the proceedings in the other two road districts, as no attempt had been made to assess taxes therein. On November 13, 1918, an appeal to this court was granted to the receiver. No order was entered continuing the restraining order in effect. On June 18, 1919, the appeal was decided by this court. Wight v. Police Jury of Parish of Avoyelles, La., et al., 264 F. 705. The decree of the District Court was affirmed in all respects except that, as to road district No. 11, Tenth

ward, the judgment sustaining the validity of the six-mill tax levied in accordance with an election, the result of which was promulgated September 8, 1915, is modified to hold that the tax to the extent of five mills is valid, and as to the additional mill invalid, and as to such one mill injunction will issue as prayed by appellant. On January 21st, 1924, appellant filed suit in the receivership proceedings to recover from the receivers of the Texas & Pacific Railway Company the sum of $26,897.95 and $450 as attorney's fees, as damages sustained by the proceedings aforesaid. On February 28, 1924, appellant was allowed to amend its bill, but the amendment was not filed until June 14, 1924. The receivership of the Texas & Pacific Railway Company was terminated May 14, 1924, by a decree in which the court retained jurisdiction of all suits pending against the receivers and required the company to defend such claims.

The bill alleged that on May 24, 1917, the road district had sold a bond issue of $100,-000, the proceeds of which were to be used for the construction of the Alexandria-Melville Highway, and had entered into contracts for the construction thereof· which were based on unit prices per cubic yard for the material furnished; that the institution of the suit by the receivers and the issuing of the restraining order forced the appellant to cancel the· contract for the sale of bonds, and that this in turn necessitated the cancellation of the construction contract, as the only means to pay therefor was from the proceeds of the bond issue; that it was not until the beginning of the year of 1919 that appellant was able to finance the construction of the highway; that on January 27, 1919, a new contract for the construction of the highway was let, which was also based upon unit prices per cubic yard for materials furnished; that the cost of constructing the highway under the last contract was $26,-897.95 greater than it would have cost under the first contract, which amount was claimed as damages. A motion to dismiss the bill was filed by the receivers and the company, upon the ground that the bill disclosed no cause of action, and that the claim was barred by the prescription of one year provided in article 3536 of the Civil Code of Louisiana. The District Court sustained the motion and dismissed the bill. Appellant's contention as to its damages and their measure is that the delay increased the cost of the work in the amount of $26,897.95, which, with attorney's fees of $450, it claims. In attempted avoidance of the defense of pre-

scription, appellant alleged that the amount of its damages could not have been fully determined until January 21, 1923. The supplemental bill, which first charged that the suit of receivers was instituted with malice and without probable cause, was filed June 14, 1924, more than a year after the time when appellant's damages came to be fixed, as alleged by it.

[1, 2] Without a bond, appellant could recover only costs, unless it could make out a case of malicious prosecution. In the case of Meyers v. Block, 7 S. Ct. 525, 528, 120 U. S. 206, 211 (30 L. Ed. 642), the Supreme Court said: "By the law of Louisiana, damages may be recovered for suing out an injunction without just cause, independently of a bond. [Florance v. Nixon] 3 La. 291. But this cannot be done in the United States courts. Without a bond no damages can be recovered at all. Without a bond * * * or other obligation of like effect, a party against whom an injunction wrongfully issues can recover nothing but costs, unless he can make out a case of malicious prosecution." No bond having been given by the receivers, the only recovery of damages legally sustainable would be in an action of malicious prosecution. Appellant's original bill did not rely on malicious prosecution but upon the doctrine of restitution. It contended that the fruits of an erroneous decree, received by the party in whose favor it was rendered, will be ordered restored (especially in a court of equity), when the decree ·has been reversed, and that that principle is applicable to this case. Restitution of the amount received under a decree, afterwards reversed, will be ordered in equity, and will sustain a cause of action at law. But the condition of the restoration is always that the party against whom restitution is sought shall have received, by virtue of the decree, what he is asked to restore.

[3] There can be no restoration in the absence of a receipt of the fruits of the decree, and the limitation upon the application of the principle, is to cases in which the party received under the decree what he is asked to restore to the adverse party, upon its reversal. In this case the appellee received under the restraining order· only a delay in the collection of the tax, while the restraining order was in force. It is conceded that this is not susceptible of restoration in kind. It is not in the power of the court to order appellee to turn the clock back. The contention of appellant is that, although there can be no restoration in kind, a court of equity will sub-

stitute for restoration an award of damages caused appellant by the delay. No authorities are cited in support of this graft on the doctrine of restitution. It is directly opposed to the principle decided by the Supreme Court in Meyers v. Block, supra. There is no support in reason or authority for an extension of the doctrine of restitution to cover an award of damages, which the restorer never received, and so in no true sense could restore.

[4-7] If the appellant has a cause of action for damages, it must be in malicious prosecution. There are two fatal objections to the sufficiency of the bill as asserting a cause of action in malicious prosecution. In the first place, the averments of the bill, as amended, are as a matter of law insufficient to show that the receivers sued out the restraining order with malice and without probable cause for so doing. In the second place, the cause of action, if one existed, was barred by prescription of one year under article 3536 of the Code of Louisiana. That article provides that "the following actions are also prescribed by one year: That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi-offenses." Prescription would begin to run from the termination of the suit—in this case, the decision of the case on appeal by this court on June 18, 1919. Carnes v. Atkins, 48 So. 572, 123 La. 26. Appellant's original bill was filed January 21, 1924. It was amended to first include a cause of action in malicious prosecution on June 14, 1924. Almost five years had elapsed from the termination of the effect of the restraining order until the filing of the original bill, and more than a year had elapsed from the date when the appellant alleges it was first able to fix its damages (January 31, 1923) until the filing of the supplemental bill. The injection of a new cause of action in the supplemental bill would not relate back to the filing of the original bill. While statutes of limitations are as a general rule adopted by courts of equity only by analogy, in this case the cause of action presented by the supplemental bill was one at law, of which a court of equity took jurisdiction only because it was ancillary to the original cause pending there; and in such cases the applicable statute of limitations to the legal cause of action is as binding upon a court of equity as it would have been upon a court of law. Hollander v. Heaslip, 222 F. 808, 137 C. C. A. 1; McCaleb v. Fox Film Corporation (C. C. A.) 299 F. 48; Baker v.

Cummings, 18 S. Ct. 367, 169 U. S. 189, 42 L. Ed. 711.

The decree of the District Court dismissing the bill of complaint is affirmed, with costs.

Affirmed.