INTERNATIONAL LADIES' GARMENT
WORKERS' UNION et al. v. DONNEL-
LY GARMENT CO. et al.

No. 12931.

Circuit Court of Appeals, Eighth Circuit.

Jan. 19, 1945.

Writ of Certiorari Denied April 30, 1945.

See 65 S.Ct. 1088.

Charles A. Horsky, of Washington, D. C. (Emil Schlesinger, of New York City, Clif. Langsdale, of Kansas City., Mo., and Amy Ruth Mahin and Covington, Burling, Rublee, Acheson & Shorb, all of Washington, D. C., on the brief), for appellants.

William S. Hogsett, of Kansas City, Mo. (R. J. Ingraham and Burr S. Stottle, both of Kansas City, Mo., on the brief), for appellees Donnelly Garment Co., Donnelly Garment Sales Co., and Central Surety & Insurance Co.

Frank E. Tyler, of Kansas City, Mo. (Gossett, Ellis, Dietrich & Tyler, of Kansas City, Mo., on the brief), for appellee Donnelly Garment Workers' Union.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This action began with a motion of the defendants in the case of Donnelly Garment Company et al. v. International Ladies' Garment Workers' Union et al. for a hearing to assess damages and expenses caused defendants by the erroneous issue and continuance of certain injunctive orders issued by the district court in the case mentioned, and for a decree against the plaintiffs, the interveners, and the surety on their injunction bonds for the amount of defendants' damages and expenses determined by the court. Under the order of the court made upon the motion, the defendants filed a bill of complaint setting forth their claims; the plaintiffs, interveners, and the surety answered; and the matter was heard on evidence before the court which awarded judgment in favor of defendants in the sum of $2,000. The defendants have appealed. In this opinion they will be designated the defendants, and the appellees will be referred to as the plaintiffs.

In order to understand the issue arising on this appeal, it is necessary to state in some detail the history of the litigation in which the restraining orders and injunctions were issued.

On July 5, 1937, the Donnelly Garment Company, a corporation engaged in the manufacture of women's garments in Kansas City, Missouri, and the Donnelly Sales Corporation, a subsidiary handling the sales of the garment company's products, brought an action in the United States District Court for the Western District of Missouri to enjoin the International Ladies' Garment Workers' Union, its officers and agents, and a number of its employees from picketing, boycotting, and otherwise interfering with plaintiffs' business, employees, and customers, in the furtherance of a conspiracy in violation of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq., 15 note. Among the individual defendants were residents of Missouri and of other States. The jurisdiction of the Federal court was grounded exclusively upon the Sherman Act.

On the filing of the complaint the district court issued a temporary restraining order, returnable in five days. The court required and the plaintiffs gave a bond on the restraining order in the sum of $2,000, conditioned to pay defendants "such costs and damages as may be incurred or suffered by reason of the wrongful issuance of said restraining order or injunction should it be thereafter dissolved or it be decided that said temporary restraining order was wrongfully obtained."

On the return day the defendants moved to dismiss the bill and vacate the restraining order. The ground for this motion was that the controversy alleged in the bill involved a labor dispute within the meaning of the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., and that, by virtue of that Act, a Federal court was without jurisdiction to issue a restraining order or a temporary or permanent injunction on the al--

legations of the complaint. On August 13, 1937, defendants' motion was denied, the district court saying in its opinion (Donnelly Garment Co. v. International Ladies' Garment Workers' Union, D.C., 20 F.Supp. 767, 768) that the defendants, conceding that the court formerly had jurisdiction of the action set out in the complaint, contended that its jurisdiction had been taken away by the Norris-LaGuardia Act. The temporary restraining order was by the court continued in effect with the consent of the parties until the ruling on plaintiffs' application for a temporary injunction.

After these proceedings the Donnelly Garment Workers' Union, an organization of the plaintiffs' employees, was permitted to intervene in the case, alleging that it included in its membership all of the employees of the Donnelly Garment Company, by which it had been recognized as the agency for collective bargaining between the company and its employees, and that contracts between it and the plaintiff company concerning rates of pay and hours and conditions of work had been made. The intervener joined in the prayer of the bill of complaint for an injunction restraining the defendants from the acts charged in the complaint, and further asked that the plaintiffs be enjoined from abrogating their contracts with the intervener and from attempting to coerce or compel the members of the intervener organization to join the International Union. The intervener denied that a labor dispute was involved in the controversy set forth in the original bill, asserted that neither the Norris-LaGuardia Act nor the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., was applicable on the issues involved, and alleged the unconstitutionality of both Acts if interpreted to apply in the situation before the court.

Because of the allegations in the intervening petition concerning the unconstitutionality of the Norris-LaGuardia Act and the National Labor Relations Act, defendants conceived the idea that an injunction was sought against the operation of an Act of Congress within the Act of August 24, 1937, 50 Stat. 752, 28 U.S.C.A. § 380a. Accordingly, on their suggestion, a three-judge court was empaneled, and plaintiffs' application for a temporary injunction and defendants' motion to dismiss came on for hearing before that court. The issue was the same as that presented to the district court on the temporary restraining order,

the court stating in its opinion (21 F.Supp. 807, 809) that the only ground of defense relied upon by defendants was the contention that the Norris-LaGuardia Act applied and deprived the district court of jurisdiction. This contention the court overruled. The temporary injunction was granted effective December 31, 1937. The court required and the plaintiffs gave a bond in the sum of $10,000, conditioned to pay all "such costs and damages as may be incurred or suffered by any party who may be found to have been wrongfully enjoined or restrained by said temporary injunction if it be finally held that said temporary injunction was improvidently granted."

From the above order defendants took a direct appeal to the Supreme Court which held that the case was not one for a three-judge court within the Act of August 24, 1937; and, by its order of May 16, 1938, dismissed the appeal at the cost of the defendants, vacated the temporary injunction, and remanded the case for further proceedings in the district court, 304 U.S. 243, 251, 58 S.Ct. 875, 82 L.Ed. 1316.

Plaintiffs amended their bill by alleging facts which, in their belief, sustained the jurisdiction of the district court in the event it should be determined that the controversy involved a labor dispute as defined by the Norris-LaGuardia Act, reserving their contention that the Act was not applicable and that no labor dispute was involved. The defendants renewed their motion to dismiss on the same ground as that advanced at previous hearings. The district court reached the conclusion that the controversy between the parties involved a labor dispute, and that the plaintiffs' bill failed to allege that plaintiffs had made every reasonable effort to settle the dispute, the Norris-LaGuardia Act requiring such an effort as a condition precedent to the granting of a restraining order, and that for this reason the complaint should be dismissed and the temporary restraining order vacated (23 F.Supp. 998, 1001). On motion of the plaintiffs, the district court on July 18, 1938, resurrected the original restraining order, modified it in certain particulars, and, as modified, continued it in effect pending an appeal, on condition that the plaintiffs execute a bond to defendants in the sum of $25,000. This bond, as required and approved by the court, was conditioned as follows:

"The condition of the above obligation is such that, whereas, the temporary re-

straining order heretofore issued in this cause is continued as modified on this 18th day of July 1938, pending appeal of this cause, now, therefore, if the obligors and each of them shall well and truly pay all costs, damages and expenses, including attorneys' fees, suffered by defendants or any of them, by reason of the improvident or erroneous issuance or continuance of said restraining order, then this bond shall be void, otherwise to remain in full force and effect."

On the appeal this court reversed. In its opinion, 99 F.2d 309, 314, the court pointed out that at the time this action came on for hearing before the three-judge court, the question whether a labor dispute was involved was a debatable one. It held, however, that the question had been settled by decisions of the Supreme Court handed down after the hearing before the three-judge court, and that a labor dispute was involved in the controversy within the meaning of the Norris-LaGuardia Act. It overruled the action of the district court in disposing of the case upon the pleadings, holding that the question whether the plaintiffs failed to use every reasonable effort to settle the labor dispute was a question of fact to be determined from the evidence adduced at a hearing on the merits, 99 F.2d 309, 317. Its mandate on reversal was filed in the district court on January 28, 1939.

The case went to trial on its merits and on April 27, 1939, a permanent injunction was granted. On appeal to this court the permanent injunction was vacated, the decree of the district court reversed, and the case remanded with directions to dismiss the complaint for want of jurisdiction (International Ladies' Garment Workers' Union v. Donnelly Garment Co., 119 F.2d 892). The court was of the opinion that the findings of the trial court concerning the activities of defendants were sustained by the evidence, but that, since there was no proof to show that the enjoined activities of the defendants either in purpose or effect tended to control the interstate market of plaintiffs' product to the detriment of consumers, they were not proscribed by the Sherman Act. Apex Hosiery Co. v. Leader et al., 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311, 128 A.L.R. 1044.

On rehearing, 121 F.2d 561, the court modified its decree and mandate by remanding the case to the district court with permission to the plaintiffs to apply to that court for leave to dismiss as to resident defendants and to amend the complaint to show jurisdiction based upon diversity of citizenship and to state an action under the law of Missouri. This procedure was followed, and on a trial de novo on the complaint, as amended, against the nonresident defendants, the district court denied any injunctive relief on grounds not important on the issues on this appeal. 55 F.Supp. 587. Plaintiffs, however, have appealed from this judgment.

The defendants neither allege nor prove any damage to them as the result of the restraint imposed upon them by any of the orders set out above. Instead, they seek the recovery only of expenses incurred in opposing the various injunctive orders secured by the plaintiffs. The evidence establishes that all of these expenditures were made by the International Ladies' Garment Workers' Union, the total of all of them amounting to $102,913.57 made up of attorneys' fees, attorneys' disbursements, stenographic fees, photostats, printing, office rent, and miscellaneous items. Since it has been determined that the action in which the injunctive orders were issued involved a labor dispute and that all of the restraining orders and injunctions were erroneously issued because of want of jurisdiction, defendants assert that plaintiffs are liable to them for the whole amount of their expenses, that the interveners are jointly liable with the plaintiffs to the extent of $97,055.52, and the surety on the various injunction bonds is liable to the extent of $37,000, the total of the penal sums of the three bonds. This result, defendants contend, is compelled by section 7 of the Norris-LaGuardia Act, 29 U.S.C.A. § 107, which, so far as material here and relied upon by defendants, is as follows:

" * * * No temporary restraining order or temporary injunction shall be issued except on condition that complainant shall first file an undertaking with adequate security in an amount to be fixed by the court sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs (together with a reasonable attorney's fee) and expense of defense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court.

"The undertaking mentioned in this section shall be understood to signify an agreement entered into by the complainant and the surety upon which a decree may be rendered in the same suit or proceeding against said complainant and surety, upon a hearing to assess damages of which hearing complainant and surety shall have reasonable notice, the said complainant and surety submitting themselves to the jurisdiction of the court for that purpose. But nothing in this section contained shall deprive any party having a claim or cause of action under or upon such undertaking from electing to pursue his ordinary remedy by suit at law or in equity."

The defendants find in the words, "an undertaking with adequate security in an amount to be fixed by the court," provision for two distinct conditions precedent to the granting of any injunctive relief in a labor dispute: First, an undertaking or agreement by the plaintiff to recompense the defendant for all loss, damage, or expense whatsoever sustained by the defendant because of the granting of any improvident or erroneous order of restraint, as well as any expense incurred by the defendant in resisting the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court; and second, adequate security for the undertaking or agreement in an amount to be fixed by the court. Under this interpretation of the language quoted a surety's liability on the security for plaintiff's undertaking is limited by the amount fixed by the court as adequate, while the plaintiff's liability on his undertaking or agreement is limited only by the amount of loss and damage sustained by the defendant by reason of the restraint erroneously imposed upon him, plus the amount of his reasonable expenses incurred in defense against any erroneous order in the action. This liability of the plaintiff for the full amount of defendant's damage and reasonable expense, defendants contend, is imposed by section 7 of the Norris-LaGuardia Act, and may be enforced by the defendant even in the absence of any undertaking with adequate security in an amount fixed by the court. In the view of the defendants, they may plant this action either upon the Act without regard to any undertaking with adequate security required by the court in this case, or upon the undertaking with adequate security, or upon both the Act and the undertaking. The logical consequence of this construction of the Norris-LaGuardia Act is that the terms of any undertaking and the amount of any security fixed by the court are of no importance on the question of the amount of plaintiff's liability to defendant in any action for injunctive relief in which it is ultimately determined that a labor dispute was involved, and that the relief was erroneously or improvidently granted, since the Act controls and must be read into any undertaking with security required by the court. It follows, under defendants' construction of section 7 of the Norris-LaGuardia Act, that no significance is to be given in this case to the circumstance that the district court which required the $25,000 bond, pending appeal from its order dismissing the complaint, acted under the supposed authority of Equity Rule 74, 28 U.S.C.A. § 723 Appendix, or that the courts which granted the temporary restraining order and the temporary injunction and provided the terms and the amounts of the bonds to be given by the plaintiffs acted upon the holding that the Norris-LaGuardia Act was not applicable, that the right of the plaintiffs to the injunctive relief was derived from the Sherman Act, the jurisdiction of the courts limited only by section 20 of the Clayton Act, 38 Stat. 738, 29 U.S.C.A. § 52, and the terms of the bonds required as conditions precedent to the issue of the injunctive orders were controlled by section 18 of the Clayton Act, 38 Stat. 738, 28 U.S.C.A. § 382. If defendants' construction of section 7 of the Norris-LaGuardia Act is accepted, it follows that the plaintiffs in this case are liable to defendants for all the reasonable expense and attorneys' fees incurred by defendants by reason of the erroneous issue of the temporary injunctive orders mentioned above, and also for all similar expense incurred in defense against the permanent injunction granted the plaintiffs and subsequently denied as the result of the decision of this court.

The district court adopted the premise that all of the restraining orders and injunctions were erroneously issued because beyond the jurisdiction of the court which issued them. It also held that the restraining order of July 5, 1937, continued in effect until December 31, 1937, the date when the temporary injunction granted by the three-judge court became effective, Houghton v. Meyer, 208 U.S. 149, 28 S.Ct. 234, 52 L.Ed. 432; that the temporary injunction granted by the three-judge court continued

in effect from December 31, 1937, to May 16, 1938, the date of its vacation by the Supreme Court of the United States. It reached the conclusion that on July 18, 1938, when the district court modified the original restraining order and continued it in effect pending appeal to the circuit court of appeals, the original restraining order, as a matter of law, had long since expired, but by the order of July 18, 1938, was revived and continued in effect from that date until January 28, 1939, when the mandate of the circuit court of appeals on the appeal was filed in the district court. It also concluded that at the time of the defendants' motion on February 7, 1939, to vacate the modified restraining order of July 18, 1938, the restraining order sought to be vacated had long since expired because, by the order of July 18, 1938, it was continued in effect only pending appeal to the circuit court of appeals, and the mandate of that court on the appeal had been filed on January 28, 1939.

The court denied all of defendants' contentions relative to the construction of section 7 of the Norris-LaGuardia Act and concerning its application in the present case. It held that the liability of the plaintiffs on each of the restraining orders and injunctions granted in the case must be determined by the conditions expressed in the injunction bonds and limited by the amount of the penalty of the bonds. This holding resulted in the denial of any recovery by defendants for expenses incurred in resisting the permanent injunction of the district court, on which no bond was required, and also in the holding that since there were three separate temporary injunctive orders granted, each in effect for a different period, the defendants were required to establish by the evidence the part of the expenses incurred by them allocable to each injunctive order. The court found it unnecessary to decide what part of the expenses claimed by the defendants was reasonable. It pointed out, however, that many of the items for which recovery was sought were wholly unnecessary and improvident. (For example, the item of expense incurred as a result of defendants' action in causing a three-judge court to be organized and in appealing to the Supreme Court of the United States from its judgment, and the expense caused by motions to dissolve the temporary orders which were not in effect at the time of the motions.) It was of the opinion on the whole

case that in equity each party might properly be required to bear its expenses resulting from the litigation, but it felt compelled, in view of the condition of the $25,000 bond regarding the payment of attorneys' fees and expenses, to allow the defendants their reasonable expense incurred on the motion to vacate the temporary restraining order of July 5, 1937. It denied recovery on either the $2,000 bond on the restraining order of July 5, 1937, or upon the $10,000 bond on the temporary injunction granted by the three-judge court, and found that $2,000 was a reasonable allowance to defendants for expenses and attorneys' fees, recoverable on the bond for $25,000.

All of defendants' contentions concerning the construction and controlling effect of section 7 of the Norris-LaGuardia Act must be rejected. There is no ambiguity in the section and no room for construction. United States v. Missouri-Pacific R. Co., 278 U.S. 269, 277, 49 S.Ct. 133, 136, 73 L.Ed. 322. "An undertaking with adequate security" is, in common usage and in the language of the law, a bond. Webster's International Dictionary, "Undertaking." The requirement of a bond as a condition precedent to an order for temporary injunctive relief is directly opposed to the notion that the Act is self-executing and that the liability of a plaintiff to a defendant on an erroneous order of restraint is measured by the defendant's expenditures in vacating the order, without regard to the amount stipulated in the bond and fixed by the court in conformity with the Act. We may not suppose that Congress, in imposing upon the court the duty of determining the amount of security adequate to the protection of a defendant, and just to a plaintiff, intended that the court's determination should be wholly ineffectual and without meaning as the measure of plaintiff's liability upon his undertaking. We think the statutory requirement of a bond, upon certain conditions, in an amount to be fixed by the court is conclusive evidence of the legislative intention that the bond should be the evidence and the measure of plaintiff's liability and defendant's protection. In this there is nothing inconsistent with an intention on the part of Congress to provide for labor unions and their members the widest possible protection against erroneous and improvident injunctions. Necessarily, at the beginning of an action, the amount of se-

curity adequate for a defendant's protection is a matter of estimate. It may be fixed in a sum which the event proves inadequate or excessive. If the security required by the court becomes inadequate while the restraint continues and the litigation proceeds, a defendant has ready to hand the means for his protection by a motion for an increase in the amount of the security. If we concede that the rights of the parties in the present action are controlled by section 7 of the Norris-LaGuardia Act, defendants are nevertheless not entitled to recover in excess of the total of the penalties of the bonds required by the court, since at no time in the present litigation did they complain either of the conditions of the bonds or of the amount of the security determined to be adequate by the courts which required them. The weight of authority in the Federal courts is that a recovery in excess of the maximum amount stipulated in a judicial bond is not permissible. United Motor Service, Inc., v. Tropic Aire, Inc., 8 Cir., 57 F.2d 479, 482, reviewing the prior decisions of this court and other Federal courts. And see Russell v. Farley, 105 U.S. 433, 437, 26 L.Ed. 1060; Meyers v. Block, 120 U.S. 206, 211, 7 S.Ct. 525, 30 L.Ed. 642; Lawrence v. St. Louis-San Francisco R. Co., 278 U.S. 228, 233, 49 S.Ct. 106, 73 L.Ed. 282.

Nor may the words of section 7 of the Norris-LaGuardia Act be read into the bonds, since it is beyond question that the bonds in this case were not required by the court nor given by the plaintiffs pursuant to the provisions of the Norris-LaGuardia Act. The rule that the language of a statute requiring a bond in a certain form must be read into any bond made pursuant to the statute is frequently applied in cases where the principal on the bond applies for and receives the contract, privilege, or benefit authorized by the statute on the condition expressed in the statute that the principal execute a bond in the terms provided by the statute. In such cases the person from whom the bond is required is conclusively presumed to have intended to execute the bond in the amount and upon the conditions demanded by the statute, the benefit of which he accepts; the language of the statute is written into the bond, though omitted by inadvertence or intention. The cases relied on by defendants on this point are of this character. For example, see United States v. Hartford Accident & Indemnity Co., 2 Cir., 117 F.2d 503; Heiser v. Woodruff, 10 Cir., 128 F.2d 178. The rule can not be applied in the present case. The issue before the courts on both the temporary restraining order and the temporary injunction was whether the Norris-LaGuardia Act controlled or the Sherman Act, as amended by the Clayton Act. If the Norris-LaGuardia Act controlled, the courts were required to demand of the plaintiffs bonds conditioned to pay the reasonable expenses and attorneys' fees of defendants, incurred in resisting the order granted or any other order of injunction granted and subsequently denied by the court. If the Clayton Act controlled, the courts were required to exact from plaintiffs bonds conditioned to pay only such costs and damages as the defendants sustained by reason of the wrongful issuance of the restraining order or temporary injunction. 38 Stat. 738, 28 U.S.C.A. § 382. Necessarily, when the courts decided that their jurisdiction on the question before them was limited only by section 20 of the Clayton Act, they also decided that the bonds required of the plaintiffs should be conditioned in accordance with the provisions of that Act. Accordingly, in each instance the courts ordered bonds conditioned exactly as section 18 of the Clayton Act required. The bond for $25,000 given on the appeal from the decree of the district court dismissing the action was required by the court under Equity Rule 74, and not pursuant to the Norris-LaGuardia Act. The fact that the decrees under which the bonds were given were erroneous does not entitle the defendants to recover the expenses and attorneys' fees incurred by them in resisting the decrees, nor in securing their reversal and the ultimate vacation of the orders issued in conformity with the decrees. The loss, if any, caused defendants by the errors of the court is damnum absque injuria, one of the unavoidable incidents of litigation to which parties are exposed. Union Motor Service, Inc., v. Tropic Aire, Inc., supra, 57 F.2d 479 at page 483.

It follows from the authorities cited that the district court was correct in holding that the defendants could not recover on any bond an amount in excess of the penalty of the bond nor for any liability except that stipulated in the bond. See and compare Tenth Ward Road District v. Texas & Pacific R. Co., 5 Cir., 12 F.2d 245, 45 A.L.R. 1513; Minneapolis, St. Paul & S. S. M. R. Co. v. Washburn Lig-

nite Coal Co., 254 U.S. 370, 41 S.Ct. 140, 65 L.Ed. 310; United Motor Service, Inc., v. Tropic Aire, Inc., supra. And, since the $2,000 bond given on the temporary restraining order and the $10,000 bond given on the temporary injunction were conditioned only to pay such costs and damages as the defendants sustained by reason of the erroneous or improvident issue of the injunctive orders, the district court was also correct in denying recovery on either of these bonds for expenses and attorneys' fees incurred by the defendants in ridding themselves of the restraints imposed by these orders or by any other injunctive order granted in the action and subsequently denied. That bonds conditioned to pay costs and damages will not sustain a recovery of either attorneys' fees or expenses of the character claimed here is a rule, as defendants admit, uniformally enforced by the Federal courts for more than a hundred years. Oelrichs v. Spain, 15 Wall. 211, 82 U.S. 211, 231, 21 L.Ed. 43; Tullock v. Mulvane, 184 U.S. 497, 511, 22 S.Ct. 372, 46 L.Ed. 657; Missouri, K. & T. R. Co. v. Elliott, 184 U.S. 530, 539, 22 S.Ct. 446, 46 L.Ed. 673; Sullivan v. Cartier, 9 Cir., 147 F. 222; Bein et al. v. Heath, 12 How. 168, 179, 53 U.S. 168, 13 L.Ed. 939; In re Farmers' Union Mercantile Co., D.C., 26 F.2d 102; Travelers Mutual Casualty Co. of Des Moines v. Skeer et al., D.C., 24 F.Supp. 805; Salvage Process Corporation v. Acme Tank Cleaning Process Corporation, 2 Cir., 104 F.2d 105, 107; Lindeberg v. Howard, 9 Cir., 146 F.2d 467, 8 Ann.Cas. 709; Heiser v. Woodruff, supra.

On the $25,000 bond given under the order of the district court of July 18, 1938, pending appeal from the decision of that court of July 8, 1938, that it was without jurisdiction of the action and that the temporary restraining order of July 5, 1937, should be dissolved, the situation of the parties is different. That bond is conditioned to pay expenses of defendants, including attorneys' fees, as well as costs and damages suffered by the defendants by reason of the improvident or erroneous issuance or continuance of the original restraining order. It is not conditioned to pay any expense incurred in resisting any other injunctive order. Obviously, defendants may not recover on this bond for the expense incurred in defense of the action on the merits, nor for the expense incurred in motions to vacate other orders, or to vacate this order after its expiration. More-

over, it seems clear that the bond was required by the court under the authority of Equity Rule 74 in effect at the time the bond was given. The rule provides:

"When an appeal from a final decree, in an equity suit, granting or dissolving an injunction, is allowed by a justice or a judge who took part in the decision of the cause, he may, in his discretion, at the time of such allowance, make an order suspending, modifying or restoring the injunction during the pendency of the appeal, upon such terms, as to bond or otherwise, as he may consider proper for the security of the rights of the opposite party."

It now appears that the temporary restraining order of July 5, 1937, had expired at the time this bond was required by the court pending an appeal from its order, but it is clear from the record that at the time the bond was required both the parties and the court assumed that the temporary restraining order was in effect and that its dissolution was a necessary incident of the court's decree. Nor does it follow from the want of authority in the court to require the bond under Rule 74, if there was such an absence of authority, that the bond must be held to have been given pursuant to section 7 of the Norris-LaGuardia Act. The order of the court continuing the original preliminary restraining order pending appeal is compatible only with the conclusion that the court acted under the supposed authority of the equity rule. Having decided that the rule applied, it was within the discretion of the court to require a bond conditioned to pay defendants their expenses and attorneys' fees caused by the erroneous issuance or continuance of the temporary restraining order, or to require such other condition in the bond as to the court appeared proper for the security of the rights of the defendants.

The defendants are entitled to recover on this bond their reasonable attorneys' fees and expenses, not in excess of the penalty of the bond, incurred as the proximate result of the issuance and continuance of the temporary restraining order of July 5, 1937. The district court found that the defendants incurred no expense or attorneys' fees because of the continuance of the temporary order pending appeal. We think this finding was correct. It seems clear from the evidence that all of the expenses and attorneys' fees incurred by the defendants on appeal from the order of the district court of July 8,

1938, dismissing plaintiffs' bill were the result, not of the continuance of the temporary restraining order, but of the plaintiffs' appeal. These expenditures of defendants would have been incurred in the same amount if the district court had refused to continue the temporary restraining order in effect until the appeal was decided. The question of the vacation of the modified restraining order was incidental to the main question on the appeal, which was the correctness of the decision of the district court holding that a labor dispute was involved in the action, and that plaintiffs' bill should be dismissed. Moreover, it is quite impossible under the evidence, as the district court held, to make any segregation as between the expenditures of defendants made necessary in support of the main issue on the appeal and the part of those expenditures, if any, which may have been attributable to the continuation of the temporary injunction. Defendants' recovery must be limited to attorneys' fees and expenses incurred by reason of the motion to vacate the original restraining order, denied by the order of the district court of August 13, 1937, and the like expenditures resulting from defendants' subsequent motion to dismiss the bill and vacate the restraining order, submitted to the three-judge court and considered by it in connection with plaintiffs' application for the temporary injunction.

It seems quite apparent from the record that the expenses and attorneys' fees incurred by reason of proceedings before the three-judge court resulted primarily from plaintiffs' application for a temporary injunction and not from defendants' motion to vacate the temporary restraining order. As the district court pointed out, the latter motion had already been presented to the district court, where it had been the subject of a carefully considered opinion denying it, and there was no reasonable ground for its renewal before the three-judge court. As a matter of law, the proceeding before the three-judge court was bound to terminate in the dissolution of the temporary restraining order which could not, in the nature of the case, survive either the granting or the denial of the temporary injunction. But, if any of this expense was attributable to the petition to dissolve the temporary restraining order, it is again impossible to make any allocation as between the part incurred in resisting the application for the

temporary injunction and the part incurred on the motion to vacate the temporary restraining order. The recovery upon this bond is therefore limited to the amount of the reasonable expenses and attorneys' fees incurred in the district court on defendants' motion to vacate the temporary restraining order, which was denied by the district court on August 13, 1937. Admitting that the determination of the amount of this recovery was, under the evidence, a matter of approximation, the district court allowed $2,000. Defendants do not claim that the amount allowed is inadequate.

The judgment of the district court is affirmed.