**HOUSTON & NORTH TEXAS MOTOR FREIGHT LINES, Inc., et al. v. LOCAL NO. 745, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, STABLEMEN AND HELPERS OF AMERICA et al.**

No. 54 Civ.

District Court, N. D. Texas, Dallas Division.
April 21, 1939.

W. A. Combs, of Houston, Tex., 'for respondents.

Sam Sayers, of Fort Worth, Tex., for complainant.

Phinney & Hill, of Dallas, Tex., for intervenor.

ATWELL, District Judge.

On a date prior to March 7th, the court allowed the Dallas Transfer & Terminal Warehouse Company to intervene. The cause had been instituted by the North Texas Motor Freight Lines, against certain labor organizations and certain individual respondents.

Later, after due notice, testimony and argument was heard on the question of whether a temporary restraining order should be granted. Complying with the statute, with reference to those matters, restraints were granted as to certain respondents, individually. There was no restraining order as against any labor union. On March 7th, the complainant and the intervenor presented to the court, and the court approved, a bond in the sum of $2,500, conditioned that the complainant and the intervenor "shall well and truly, pay all such loss, expense, or damage suffered by any party who may be found to have been wrongly, improvidently, or, erroneously, enjoined, or, restrained, by reason of any temporary injunction, should it be thereafter dissolved, or, if it be decided that the temporary injunction was wrongly, improvidently, or, erroneously obtained, then this obligation to be void; otherwise, to remain in full force and virtue."

264

The statute contains a provision in the latter part of the next to the last paragraph of section 107, title 29, U.S.C.A., to this effect: "No temporary restraining order or temporary injunction shall be issued except on condition that complainant shall first file an undertaking with adequate security in an amount to be fixed by the court sufficient to recompense those enjoined for any loss, expense, or damage, caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs (together with a reasonable attorney's fee) and expense of defense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court."

Under the statute, but not under the bond, apparently, the respondents seek an alleged attorney's fee, and alleged expenses, because of the failure of the Dallas Transfer Company, intervenor, to prevail ultimately, and not because of the temporary injunction.

While the statute provides for a bond, and, while it is manifestly true that the bond did not comply with the provisions of the statute, it might be that the labor unions, or, parties, would be entitled to their expenses, and attorney's fees, in accordance with this statute, even though no bond were given, but the statute does not so say. A liberal construction though should be allowed to accomplish its purpose. It could hardly mean that expenses were to be allowed, only, if the bond were given.

But, the testimony offered here is far from satisfactory, with reference to alleged segregation, or, separation, of any expenses, or, attorney's fees, so far as intervenor's application to the court for relief is concerned, from the expense of the original suit. In other words, there is no clear expense for intervenor's cause as distinguished from the complainant's cause.

There is also a very pertinent suggestion here, viz., that all of the parties, in their efforts to settle, had made a statement, or, agreement, or, there was an understanding, that attorney's fees were not being pressed. The position of Mr. Combs, here, who represents the respondents, is, that, that suggestion, which ultimately ripened into a written agreement, was merely as to the H. & N. T., and did not apply to the Dallas Terminal Warehouse Company. But the other testimony is to the contrary.

I stated rather hurriedly at the beginning of this motion that I did not think any recovery should be permitted on this motion. The matter has been argued, and testimony offered, and upon inspection of the bond, and the statute, and having in mind the testimony, I am still of the opinion that no recovery should be permitted.

The court bears in mind the most distressing cause that has ever come before it, because of the evidence in the case. Perhaps, the least said about it, the better.

The intervention was almost in the same words as the original bill. All of the matters were filed together. The witnesses, so far as the intervenor is concerned, were right here in Dallas. The witnesses of Houston & North Texas came from Tulsa, Houston, and also some from Dallas. Mr. Combs, apparently, represented all parties respondent. He was assisted by a Mr. Warren of Tulsa, a part of the time.

The labors of court and counsel might have been shortened had it not been for the witnesses for the intervenor.

Relief was not denied to the intervenor because of any failure to show grievous violence to its employees and property, at the hands of some respondents, but because it participated in conferences by its attorneys, and by some who were its officers, when those conferences were highly important, and it could hardly be considered, as I have already indicated in all kindness and good faith, that they did not think they were participating in a conference to settle questions. Yet, when a settlement was about reached, it stated that it did not know it was in such conference, and that it was not to be bound thereby. For that reason, the court denied a recovery to it, and dismissed its intervention.

I have already mentioned, indirectly, and now repeat, that the intervenor's motion for a reversal of the finding of fact as to it, made at the conclusion of the trial, is denied. That denial is based upon the fact that it is clearly disclosed that the intervenor participated in conferences, and then when an agreement was about reached, it announced that such agreement would not bind it. I think the requirement of the statute for such effort at conciliation and agreement was not, in good faith, met by it.

The motion to set aside the judgment and dismiss the suit, which is made by all

parties, cannot be granted. It is highly commendable that the difference between the complainant and its employees has been settled, and that business has been resumed. Commendation and congratulation is felt in the heart of every citizen who knew of, and viewed, the distressing situation. Capital was idle, as were also many good men. Blood was spilled, property injured, and the situation was bad.

After the injunction was granted, one of the witnesses for the complainant returned to his home at Houston, and when he' reached there, or, shortly thereafter, he was grievously assaulted. A contempt rule was made against certain respondents. They moved this court to transfer that proceeding to the southern district, where the alleged assault was committed. The statute seemed to authorize that procedure, and the motion was granted. That proceeding now pends before the United States District Court for that district, at the Houston division. Likewise, the term at which the final judgment in this cause was issued expired, and was adjourned sine die on March 25th. This motion was filed on April 7th.

The violation of an order of court may be of such a nature that it affects only the right of the litigants. A party may condone disobedience. Where, however, the order of the court is disobeyed, whether or not there be injury to a litigant, under circumstances which evince a deliberate purpose to contemn the authority of the tribunal set up for the administration of justice and defy its orders, the consequences reach far beyond a private right. The disobedience then becomes an offense against government and society, which the courts must notice and punish, since to leave the evil example unnoticed and unpunished would soon lead to the subversion of order, and the establishment of anarchy in its stead.

The acts made the basis of the motion in contempt against the respondents specifically named occurred at Houston, as already stated, upon the appearance there of a witness for the complainant, who had testified in the hearing at Dallas. At that hearing, the respondents in the contempt motion were present, knew of the testimony of the witness, and are charged with having assaulted him when he returned to Houston.

If the assault actually occurred as charged, no agreement between the complainant and the respondents in the cause can wipe away the wrong. It partakes of a public nature. It is an offense in which society is deeply concerned. It goes to the very root of the right of a party to speak in open court, and then to go unmolested. A witness is amenable to prosecution for false swearing if, and when, the sovereignty detects such a situation and determines to go forward, but the witness must be protected by the court from any assault, or punishment, at the hands of private parties who may feel aggrieved because of his testimony.

Such an assault cannot be forgiven by the dismissal of the parent suit by agreement between complainants and respondents.

I think the merits and justice of this matter have been realized, and I deny all motions. Orders accordingly.