**RAILWAY EXPRESS AGENCY, INCORPORATED, Plaintiff,**

v.

**JAMAICA LODGE 2188 OF the BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, an unincorporated association; Robert F. Berenger, individually and as President of said association; Walter C. Harneit, individually and as Vice President of said association; William E. O'Brien, individually and as Recording Secretary and Treasurer of said association; Chester Collins, individually and as local Chairman of said association; New York District Board of Adjustment of the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees; Daniel J. Sullivan, individually and as General Chairman of said association; Joseph P. Dolan, individually and as Vice General Chairman of said association; and as representatives of the classes or crafts of employees represented by said Lodge and District Board of Adjustment, Defendants.**

No. 61–C–91.

United States District Court
E. D. New York.

April 4, 1961.

James V. Lione, New York City, for plaintiff.

Joseph A. Marchetti, New York City, for defendants.

RAYFIEL, District Judge.

The plaintiff, a corporation organized under the laws of the State of Delaware, is a common carrier engaged in the business of transporting freight in interstate commerce. The defendant, Jamaica Lodge 2188 of the Brotherhood of Railway Steamship Clerks, Freight Handlers, Express and Station Employees, hereinafter referred to as Lodge 2188, is an unincorporated labor association. The defendant New York District Board of Adjustment of the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, hereinafter referred to as The District Board, is an unincorporated association, maintaining its office in New York City. Both Lodge 2188 and The District Board are collective bargaining agents for the plaintiff's employees. The other defendants are officers of one or the other of said associations, and are joined as defendants both individually and in their respective officer capacities, and as representatives of the members of Lodge 2188, all of whom are citizens of the State of New York. All of the defendants are subject to the provisions of the Railway Labor Act. Title 45 U.S.C.A. § 151 et seq.

The plaintiff has moved under Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A. for a preliminary injunction enjoining the defendants from authorizing, inducing, continuing or carrying on any strike or work stoppage, or from picketing or interfering with the ingress or egress to or from the plaintiff's premises.

The defendants cross-moved to vacate the temporary restraining order signed by Judge Zavatt on February 4, 1961, and to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a claim.

A hearing was held at which testimony was taken, at the conclusion of which I vacated the temporary restraining order.

A brief résumé of the facts adduced at the hearing follows:

The plaintiff and The District Board entered into an agreement, effective September 1, 1949, later adopted by Lodge 2188 and its members, governing hours of service and working conditions. The agreement was received in evidence as plaintiff's Exhibit No. 1. It was amended on October 1, 1954, and on October 31, 1960 a supplemental agreement was entered into, which was received in evidence as plaintiff's Exhibit No. 2.

The plaintiff, which has offices throughout the United States, had, in addition to its Garden City Office, offices at Babylon, Patchogue, Huntington and Port Jefferson, on Long Island. Sometime in January, 1961, it decided to consolidate the latter four offices into one office, to be located at Brentwood, Long Island. On January 25, 1961 a conference was held at the office of Frank J. Fagan, the General Manager of the plaintiff's New York City Division, attended by Mr. Fagan and Mr. L. W. Brew, for the plaintiff, and Mr. Daniel J. Sullivan and Mr. Chester Collins, for The District Board and Lodge 2188, respectively, to discuss the consolidation. Among other things discussed were the rates of pay of the employees affected. At the conclusion of the conference the parties agreed to meet again.

Another conference, attended by the same parties, was held on February 2, 1961. A request by Mr. Sullivan and Mr. Collins for an increase in the rate of pay of the employees affected by the consolidation was rejected by Mr. Fagan. Before the conference was concluded Mr. Fagan requested the officers to obtain the co-operation of the employees of the several offices to be consolidated to assist in the removal thereof over the week end of Saturday, February 4, 1961 and Sunday, February 5, 1961.

The plaintiff caused notices to be posted at the four offices in question notifying its employees of the proposed consolidation thereof at the close of business on Friday, February 3, 1961, and advised them to report for work at the consolidated office in Brentwood on Monday, February 6, 1961. The notices, one of which

was received in evidence as defendants' Exhibit B, referred to Rule 23 of the agreement of September 1, 1949, which set forth the employees' rights to positions in the consolidated office.

In the meantime employees at the said four offices were asked by their superiors to work on Saturday and Sunday, February 4 and 5, 1961, in order to effect the consolidation. None of the employees volunteered to work on those days and the consolidation was accomplished by the use of supervisory employees and other personnel enlisted by Mr. Brew.

On Friday, February 3, 1961 Lodge 2188 caused notices (Plaintiff's Exhibit No. 3) to be posted in various offices of the plaintiff in Nassau and Suffolk Counties, on Long Island, including the Garden City office, calling a special meeting of the members of the Lodge for Monday, February 6, 1961 at 11:00 a. m. at the Seaford American Legion Hall at Seaford, Long Island, to discuss a report by its officers on the "Brentwood and Riverhead offices." On Saturday, February 4, 1961 the plaintiff obtained an order to show cause containing a temporary restraining order enjoining the defendants from

1. authorizing, encouraging, etc. any strike or work stoppage,

2. picketing any of the premises at which the plaintiff conducts its operations,

3. interfering with the ingress or egress of any of plaintiff's employees, customers, etc. to and from any of its places of business,

4. inducing any employee of the plaintiff not to perform his work, or interfering in any manner with such performance,

5. and directing the defendants to take all steps to prevent the continuance of the strike.

It is the plaintiff's contention that the refusal of its employees to work on Saturday and Sunday, February 4 and 5, 1961, and the calling of the meeting for 11:00 a. m. on Monday, February 6, 1961 was a work stoppage resulting

from a dispute, which constitutes a "grievance" within the meaning of the Railway Labor Act, Title 45 U.S.C.A. § 153, First (i), and should be processed by the grievance machinery provided for therein; and, further, that the said work stoppage or strike is violative of Rule 41 of plaintiff's Exhibit No. 1, which provides that during the assertion and pendency of the grievance there shall be neither a shut down by the employer nor a suspension of work by the employees.

The defendants deny that there was a work stoppage or strike, or that a grievance exists between the parties. They contend that the employees, under the agreement of September 1, 1949, are not *required* to work on Saturday or Sunday, which are their days of rest. They point to subdivisions (a) and (j) of Rule 65 of said agreement as authority for this position. They deny also that the calling of the meeting for 11:00 a. m. on Monday, February 6, 1961 constituted a work stoppage or strike since, as they state, it was called only for the purpose of apprising the men to be affected by the consolidation, some 25 or 30 at most, as to their rights, and informing them as to what had taken place at the meetings which their officers had had with management.

The plaintiff relies principally on two cases to support its position. Those are Brotherhood of Railroad Trainmen et al. v. Chicago River & Indiana Railroad Co. et al., 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed. 2d 622, and Pennsylvania Railroad Co. v. Local 2013 of United Railroad Workers, etc., D.C., 178 F.Supp. 53.

The former involved an accumulation of twenty-one grievances of members of the plaintiff against the defendant. Nineteen were claims for additional compensation, one for reinstatement to a higher position and one for reinstatement as an employee of the carrier. Negotiations were had pursuant to the collective bargaining agreement between the parties but these failed, after which the Brotherhood called a strike. The National Mediation Board offered its services in order to prevent a work stoppage

but the mediator was unsuccessful. Upon his withdrawal the carrier submitted the controversy to the Adjustment Board. The Brotherhood then issued a strike call, to be effective four days later. The carrier then commenced its action for an injunction, claiming threatened irreparable injury. The Supreme Court held that the grievances in question were "minor disputes" covered by the Railway Labor Act, which set up the National Railroad Adjustment Board to which such disputes might be referred by petition of either party, and that Section 3, First (m) of said Act provided that "The awards of the several divisions of the Adjustment Board * * * shall be final and binding upon both parties to the dispute * * *." It cited with approval Brotherhood of R. R. Trainmen v. Howard, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283, which held that the specific provisions of the Railway Labor Act took precedence over the general provisions of the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., which, the Brotherhood contended, had withdrawn the power of federal courts to issue injunctions in labor disputes, and concluded that the District Court has jurisdiction and power to issue necessary injunctive orders to enforce compliance with the requirements of the Railway Labor Act.

Pennsylvania R. Co. v. Local 2013 of United Railroad Workers, etc., supra, involved a dispute between the plaintiff and the defendant which arose because of the abolition by the former of a position held by a member of the union. Instead of utilizing the grievance procedure which had been agreed upon, the union, designating some 900 of its members as its local union representatives or "committeemen", called a *24 hour meeting* of those "committeemen." The plaintiff commenced an action for an injunction, made application first for a temporary restraining order and thereafter for an injunction pendente lite, both of which were granted. The court there held at page 59 of 178 F.Supp. that "9. A work stoppage through a 24 hour meeting of

committeemen who constitute substantially all of the defendant union members employed by plaintiff in the Phila-delphia region, or a strike. would be illegal under the Railway Labor Act and the agreements between plaintiff and defendant Union.

"10. A work stoppage through a meeting of committeemen who constitute substantially all of the defendant union members employed by plaintiff in the Philadelphia region, or a strike, would violate the purpose of the Railway Labor Act to avoid the interruption of commerce or the operation of any carrier engaged in commerce."

In my opinion the two cases cited above are inapposite. In the case at bar the plaintiff failed to show that the defendants were in fact circumventing the grievance machinery provided for in the agreement of September 1, 1949, or that provided for by the Railway Labor Act. As a matter of fact, the defendants deny that there *are* any grievances to be determined. They deny that there was or was to be a work stoppage or strike. No evidence was produced by the plaintiff which would indicate that the meeting called for 11:00 a. m. on Monday, February 6, 1961 was to be a lengthy one or was to be attended by a substantial number of plaintiff's employees, a fact which makes this case clearly distinguishable from Pennsylvania Railroad Company v. Local 2013, supra, in which substantially *all* of the employees of the union in a particular area were expected to attend a 24 hour meeting.

In answer to the Court's question as to whether it was plaintiff's contention that the notice of the proposed meeting constituted stoppage of work, plaintiff's counsel answered as follows (page 54 of the transcript)

"Mr. Lione: That is right, that is why we are in court, because had they succeeded in this meeting, there is no assurance that that meeting would (sic— probably "not" should be inserted here) have been continued for several days or maybe weeks, as a subterfuge for a strike."

There was no evidence in the record to support this statement. As a matter of fact, it is specifically denied in the affidavit of Daniel J. Sullivan, verified February 7, 1961, which states at page 5 thereof that "The defendants at no time said or did anything to indicate that the defendants intended to cause a suspension of work or work stoppage or in going ahead with their plans to consolidate their offices.

"The defendants at no time indicated or said or by any act implied or gave notice there would be a suspension of work or a stoppage of work.

"No overt act, no unlawful act, no work stoppage, no suspension of work can be inferred by calling a meeting in an outlying place where a report was going to be rendered by the elected representatives, which report concerned not more than 25 or 30 men."

I find, therefore, that plaintiff's application for a preliminary injunction herein is without merit, and, accordingly, it is in all respects denied.

█ I come now to the defendants' motion to vacate the temporary restraining order, and to dismiss the complaint for failure to state a claim. The first part of the motion is moot, since I vacated the temporary restraining order at the conclusion of the hearing.

█ The motion to dismiss the complaint is denied. In considering such a motion the allegations of the complaint must be viewed in the light most favorable to the plaintiff. It may be that at a trial the plaintiff will be able to sustain its burden of proof.

Submit on notice, within 15 days, proposed findings of fact, conclusions of law and order on plaintiff's motion for an injunction pendente lite.