**JAMAICA LODGE 2188 OF THE BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, an unincorporated association; et al., Plaintiffs,**

v.

**RAILWAY EXPRESS AGENCY, INCORPORATED and St. Paul Fire & Marine Insurance Co., Defendants.**

No. 61–C–401.

United States District Court
E. D. New York.

Dec. 27, 1961.

Joseph A. Marchetti, New York City, for plaintiffs.

Marcus M. Curry, New York City, for defendants. James V. Lione, New York City, of counsel.

ZAVATT, District Judge.

The facts and history of this matter are reported in Railway Express Agency, Inc., v. Jamaica Lodge 2188 Brotherhood of Railway and Steamship Clerks, etc., 192 F.Supp. 944, 948 (E.D.N.Y.1961). In that case Judge Rayfiel vacated a temporary restraining order, issued February 4, 1961, enjoining the defendants from

1. authorizing, encouraging, etc., any strike or work stoppage,

2. picketing the plaintiff's premises,

3. interfering with the ingress and egress of plaintiff's employers to and from its place of business,

4. inducing any employee of the plaintiff not to perform his work,

5. and directing the defendants to take all steps to prevent the continuance of the strike.

Judge Rayfiel also denied an application for a preliminary injunction which in substance sought a continuation of the relief afforded by the restraining order. However, Judge Rayfiel refused to dismiss the complaint at that time stating that: "The motion to dismiss the complaint is denied. In considering such a motion the allegations of the complaint must be viewed in the light most favorable to the plaintiff. It may be that at a trial the plaintiff will be able to sustain its burden of proof." That action is still awaiting trial before this court.

In accordance with Fed.R.Civ.P. 65(c) 28 U.S.C. and 29 U.S.C.A. § 107 the Railway Express Agency was required to post security in the form of a $250 bond to protect the defendants in that action from such costs and expenses as they might suffer or incur from the wrongful issuance of a temporary restraining order and preliminary injunction. The defendants in the former action then brought this action against the Railway Express Agency to recover in the total amount of $330,000 for damages, including mental anguish, allegedly caused by the service of process on the individual plaintiffs of the temporary restraining order of February 4, 1961. A second cause of action in the sum of $250, the amount of the bond, is asserted against the surety. On November 29, 1961, after filing a timely answer, the defendant in this action moved pursuant to Fed.R.Civ. P. 12(c) and 56 for judgment on the pleadings on the grounds that the court lacked jurisdiction over the subject matter and that the complaint failed to state a cause of action.

██ Liability on a bond or undertaking given to secure the issuance of a restraining order or preliminary injunction may be enforced in an independent action. Future Fashions v. American Surety Co., 58 F.Supp. 36 (S.D.N.Y. 1944); Stoody Co. v. Mikels, 40 F.Supp. 53 (S.D.Cal.1941). The fact that the action is brought on a federal bond provides the jurisdictional basis and no jurisdictional amount is required. See Moore, Federal Practice, para. 65.10(2). 28 U.S.C. § 1352 provides that: "The district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States."

██ While the law is settled that in the absence of an injunction bond there may be no damages for the issuance of a temporary injunction even though it may have been granted without just cause, Benz v. Compania Naviera Hidalgo, S. A., 205 F.2d 944, 948 (9th Cir.1953), cert. denied, 346 U.S. 885, 74 S.Ct. 135, 98 L.Ed. 389, (1953) (numerous cases cited); Monolith Portland Midwest Co. v. Reconstruction Finance Corp., 128 F. Supp. 824, 877–878 (S.D.Cal.1955), rev'd on other grounds, 240 F.2d 444 (9th Cir. 1957), it may well be that in the case of injunctions against labor unions issued pursuant to 29 U.S.C. § 107 the law may be somewhat different. In such a case it may be possible to recover expenses and costs where no proper bond was issued. Houston & North Texas Motor Freight Lines v. Local 745, Int'l Brotherhood of Teamsters, etc., 27 F. Supp. 262 (N.D.Tex.1939) (dictum, no recovery granted.)

██ Where, however, a proper bond has been posted the applicable law in determining the amount, if any, of plaintiffs' recovery has been stated in Monolith Portland Midwest Co. v. Reconstruction Finance Corp., 128 F.Supp. 824, 877–878 (S.D.Cal.1955), rev'd on other grounds, 240 F.2d 444 (9th Cir.1957):

"The federal rule provides that the amount of the bond ordinarily limits the recovery for the wrongful

issuance of an injunction. International Ladies Garment Workers Union v. Donnelly Garment Co., 8 Cir., 1945, 147 F.2d 246, 253, certiorari denied, 325 U.S. 852, 65 S.Ct. 1088, 89 L.Ed. 1972; United Motors Service, Inc. v. Tropic-Aire, 8 Cir., 57 F.2d 479, 483; See Russell v. Farley, 1881, 105 U.S. 433, 437, 26 L.Ed. 1060; Meyers v. Block, 1886, 120 U. S. 206, 211, 7 S.Ct. 525, 30 L.Ed. 642; unless the injunction was obtained maliciously, Tenth Ward Road District No. 11 v. Texas & P. Ry. Co., 5 Cir., 1926, 12 F.2d 245, 247, 45 A.L.R. 1513. See Meyers v. Block, supra; United Motors Service, Inc., v. Tropic-Aire, supra.

"An action for malicious prosecution requires allegations and proof that the proceeding was instituted maliciously and without probable cause, and was successfully terminated in favor of the present plaintiff. * * * It logically follows that the monetary limits of the injunction bond are the limits of possible recovery. International Ladies Garment Workers Union v. Donnelly Garment Co., supra, * * * United Motors Service v. Tropic-Aire, supra, * * *."

In this case it appears that if a recovery were allowed it would be limited to the amount of the bond since the plaintiff does not allege that the defendant acted maliciously and without probable cause. Nor does it appear that the prior proceeding has been finally decided in favor of the present plaintiffs, another necessary element of a malicious prosecution action. See Prosser, Torts § 99 (2d ed.1955).

Having determined that the plaintiffs are limited to their action on the bond it appears that the action is prematurely brought and accordingly must be dismissed. "As to damages on the injunction bond, it is well established that there can be no recovery of damages caused by a preliminary injunction, even if the injunction is set aside, unless final judgment after trial is in favor of the party that has been enjoined." Meeker v. Stuart, 188 F.Supp. 272, 276 (D.C. D.C.1960), aff'd, 110 U.S.App.D.C. 161, 289 F.2d 902 (D.C.Cir.1961); Accord, Alabama Mills v. Mitchell, 159 F.Supp. 637, 639 (D.C.D.C.1958).

In light of the foregoing, defendants' motion for judgment on the pleadings is granted. Settle an order on or before ten days from the date hereof.