JOSÉ MARBARAK and his wife ÁUREA RUIZ MARBARAK, Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent.

No. C-65-121.     Decided April 18, 1966.

G. *Jiménez Sicardó* for petitioners.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: José Marbarak and his wife, appellants herein, acquired a lot and house marked Block C-16 in Reparto Los Ángeles, ward of Cangrejos of the Municipality of Carolina, by adjudication at a public sale held in a mortgage foreclosure proceeding brought by Dry Dock Savings Bank against its debtors, Eligio Roldán Cordero, Carmen Huertas de Roldán, and Domingo Monell. The property was recorded in the Registry of Property in the name of appellants. As part of this proceeding, on April 14, 1964, the trial court issued an order to the marshal to proceed to eject the debtors from the property and to make material delivery thereof. The debtors, however, were able to stay this order by filing a complaint entitled "Audita Querela," alleging that Carmen Huertas de Roldán and Domingo Monell were never

served with process in the mortgage action nor notified of the judgment rendered therein, wherefore the public sale held in the case was void. They moved to set the same aside and to order the marshal to refrain from placing appellants in possession of the real property. In a separate petition Carmen Huertas and Domingo Monell requested a restraining order directed to the marshal to refrain from carrying out the ejectment in the mortgage foreclosure case; they also petitioned for a preliminary injunction and for a permanent one at the proper time. The temporary restraining order was issued on April 20, 1964, "upon giving a bond in the sum of $2,000 to answer for the damages which may be caused to defendants" (namely, the Marbaraks, Dry Dock Savings Bank *et al.*). The following provision was added to that order: "This order shall expire on April 30, 1964. The hearing and argument of the petition for preliminary injunction is set for the said day of April 30." The bond given by the private sureties, after making reference to the petition for injunction to stay the order issued by the trial court in the mortgage foreclosure case, and in order that the marshal should abstain from ejecting the debtors from the property in question, provided that the sureties are liable and bind themselves jointly and severally "for the payment up to the sum of $2,000 for any damages which may be caused to the party served with process, namely, the plaintiffs in civil case No. 60-8207." (This is the mortgage foreclosure case in which the only plaintiff is the Dry Dock Savings Bank.)

On May 26, 1964, the trial court rendered judgment in the injunction case, concluding that the debtors were served with process in the mortgage foreclosure case, but that the judgment therein had not been notified to Carmen Huertas nor to Domingo Monell, so that the same was not final and unappealable and, consequently, that the public sale held in execution of the judgment was void. The injunction was granted and the marshal ordered to refrain from ejecting

the debtors until judgment was rendered in the "Audita Querela" case filed by the said two debtors against appellants, the foreclosing bank and others, or until another public sale was held in the mortgage foreclosure case.

It appearing that the bank was never summoned in the "Audita Querela" case, on July 6, 1964, the trial court granted to the said two debtors a term of 10 days to summon the bank in the action just mentioned, warning that, upon failure to do so, the judgment would be set aside (as timely requested by the Marbaraks) in the injunction proceeding, on the ground that the debtors had no interest in the "Audita Querela" action and that they were acting in bad faith.

On September 21, 1964, the trial court entered an order in which it concluded that it had determined that on that date the debtors had not summoned the foreclosing bank in the "Audita Querela" action, and it therefore set aside the judgment in the injunction proceeding and determined that the Marbaraks were in a position to obtain the ejectment of the debtors from the property in question. The debtors appealed from that order to this Court, which denied the petition for review on December 29, 1964. An order was obtained from the trial court to eject the debtors from the property auctioned on February 9, 1965.

Appellants moved for the forfeiture of the bond given in the injunction proceeding alleging that they had sustained damages in the sum of $1,919.50, consisting of $1,000 attorney's fees, $900 rent on the auctioned property from February 1964 to February 1965, during which the same was occupied by the debtors, and expenses incurred in internal-revenue stamps for the filing of the answer in the "Audita Querela" action and in the two ejectment orders. On June 4, 1964, the trial court ruled that:

"The obligation of the sureties in above-entitled case should be restrictively construed, and the bond given by them should be construed in consonance with the temporary restraining order

issued on April 20, 1964, and which, according to its terms, would expire on the 30th of that month. Consequently, the sureties are only liable for the damages which defendants may have suffered in the injunction case during the period of 10 days in which the order was effective.

"The complaint having been sustained, it must be necessarily concluded that no damages were caused to defendants, since whoever asserts a right and the same is recognized to him by the courts does not cause damages.

"We do not believe that the fact that the judgment was afterwards set aside by order of September 21, 1964, changed the juridical situation existing at the time of issuing the restraining order. Furthermore, during the hearing held on May 13, 1965, evidence was offered against the sureties on the damages suffered by defendant José Marbarak during the year from the date of issuance of the temporary restraining order to the date on which the house was vacated. As already stated above, the liability of the sureties in any event only covered the term of ten (10) days during which the restraining order was effective, and no evidence was presented on the damages suffered during those 10 days."

Appellants allege that the trial court erred (1) in concluding that the bond should be restrictively construed, in consonance with the restraining order of April 20, 1964, which expired on the 30th of that month; (2) that no damages were caused to appellants, since the petition for injunction was granted; (3) that the fact that the complaint was afterwards set aside does not change the juridical situation existing at the time of issuing the restraining order; (4) that the liability of the sureties is in any event for the term of 10 days during which the restraining order was in force; and (5) that no evidence was presented on the damages suffered during those 10 days.

Let us see which is the applicable law. Rules 57.2 and 57.3 of the Rules of Civil Procedure provide that no temporary restraining order shall be granted for a term exceeding 10 days, which may be extended for a like period,

for good cause shown, or for a longer period with the consent of the other party; that no restraining order or preliminary injunction shall issue except upon the giving of security by the applicant in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. The provisions of Rule 57.3 are identical with those of Rule 65(c) of the Federal Rules of Civil Procedure.[1] Bonds conditioned on the issuance of a restraining order cover only the costs and damages arising out of the restraint. *Avalo* v. *Cacho*, 73 P.R.R. 274, 279 (1952); *Avalo* v. *Cacho*, 71 P.R.R. 97, 102 (1950); *International L. Garment Work. Un.* v. *Donnelly G. Co.*, 147 F.2d 246, 253, 254 (8th Cir. 1945); *Heiser* v. *Woodruff*, 128 F.2d 178 (10th Cir. 1942); 95 A.L.R.2d 1190, 1194. Unless the injunction has been procured in bad faith, as when a case is brought maliciously and without probable cause, the measure of the damages in cases such as this is limited to the amount of the bond. *Jamaica Lodge 2188, Etc.* v. *Railway Express Agency, Inc.*, 200 F.Supp. 253 (1961); *Greenwood County* v. *Duke Power Co.*, 107 F.2d 484 (4th Cir. 1939); *Monolith Portland Md. Co.* v. *Reconstruction F. Corp.*, 128 F.Supp. 824 (1955). Bonds are liable only for the damages directly arising out of the proceeding in which the bond was required and given and not from those arising out of other proceedings. The bond given pursuant to a restraining order does not cover a subsequent preliminary injunction. *Greenwood County supra; Steinberg* v. *American Bantam Car Co.*, 173 F.2d 179 (3d Cir. 1949). In *Avalo* v. *Cacho, supra* at 293, 294, we said that the liability of the sureties, contracted in a bond document, where the restraining order had no effectiveness since it was set aside, is nominal, and that, "exception

---

[1] On the development of injunction, see *Developments in the Law of Injunctions*, 78 Harv. L. Rev. 994, 996 (1964–65).

made of costs and attorney's fees arising from the issuance of the *restraining order*, they cannot be held responsible for anything else."

■■ From the foregoing it is obvious that the trial court did not commit the preceding errors (1) and (4), since the sureties in this case are only liable for the damages which appellants may have suffered during the 10-day period in which the restraining order was in force, and which arose directly from the issuance and effectiveness of such order. They are not therefore liable for the damages arising from any proceeding whatsoever; more specifically stated, from those arising out of the cases of mortgage foreclosure, "Audita Querela," or of the injunction issued in this case on May 26, 1964. The damages resulting from the restraining order are not recoverable, unless it had been held that the relief sought did not lie. In this case it was held that the injunction was in order, and the judgment previously mentioned was accordingly rendered. The fact that it was afterwards set aside on other grounds does not alter the situation. Hence, the trial court did not commit errors Nos. 2 and 3 above either. This conclusion simultaneously disposes of appellants' fifth assignment.

For the reasons stated, the trial court's order of June 4, 1965, in injunction case No. 64-1508 of that court will be affirmed.