Argued and submitted October 8, 1984, submitted on appellant's petition for attorney fees, defendants seeking attorney fees ordered to file amended affidavit, Supreme Court to retain jurisdiction August 8, 1985

LOUISIANA-PACIFIC CORPORATION,
*Plaintiff-Respondent,*

*v.*

LUMBER AND SAWMILL WORKERS,
Local No. 2949 et al,
*Defendants-Appellants.*

(SC 29940)

704 P2d 104

Robert A. Stacks, Portland, argued the cause and filed petition.

James N. Westwood, Portland, argued the cause and filed response.

PETERSON, C. J.

## PETERSON, C. J.

We first considered this case in *Louisiana-Pacific v. Lumber and Sawmill Workers*, 296 Or 537, 679 P2d 289 (1984). The plaintiff sought and obtained a temporary injunction against a union and some of its officers and members. The defendants appealed, claiming that the evidence did not support the issuance of a temporary injunction issued under ORS 662.040-662.120. We held that the evidence was insufficient to hold the union and all but one of its officers and members responsible for the unlawful act complained of, ordered that the temporary injunction be vacated as to all defendants except Bill Frazier, and remanded to the trial court for entry of a further temporary injunction consistent with the opinion. 296 Or at 539, 548-49, 679 P2d at 290, 295.

Accompanying our slip opinion was an unpublished "cost sheet" that stated, "No costs are awarded to either party." Thereafter, all defendants other than defendant Billy Frazier petitioned the court for an award of attorney fees rendered in the trial court and in this court, citing ORS 662.090(2) (which is quoted and discussed below). The plaintiff objected to the award of attorney fees for these reasons:

"1. This Court has already exercised its discretion to direct each party to this proceeding to bear its own costs (see Costs Sheet on appeal). As an award of attorney fee is statutorily designed to accompany any costs awarded, attorney fees should be denied."

"2. The temporary injunction before the Court was modified, not denied, by the Court's decision. The Court has upheld the injunction as to one defendant. Nothing in defendants' petition and supporting documentation indicates that the appellate effort was not expended [for] all the defendants together. In other words, the appeal as to defendant Billy Frazier, which was unsuccessful, would have cost defendants the same amount in attorney fees as the appeal that was taken simultaneously as to all defendants. No additional fee is apparent, from defendants' petition and affidavit, for the separate portions of the same appeal.

"3. Whatever defendants' entitlement to appellate attorney fees may be (and none are authorized here), their claim in this Court for $2,261.06 in attorney fees at the trial court level is not well taken. This Court, which is a court of review, does not rule on trial court attorney fee requests, where the trial court has not yet considered the matter * * *.

"4. * * * [D]efendants cannot in any event recover more than $5,000 in combined costs, attorney fees and other expenses, no matter what the Court may decide about their underlying entitlement * * *."

We hold:

1. Our decision that "no costs are awarded to either party" was not intended to, and does not, foreclose a claim for attorney fees under ORS 662.090(2).

2. The affirmance of the trial court as to the defendant Billy Frazier does not prohibit the award of an attorney fee in favor of the defendants against whom the injunction was erroneously issued.

3. We will award a reasonable attorney fee for services rendered in this court. On remand, the trial court shall consider the claim for attorney fees incurred in the trial court.

4. Defendants' claim for attorney fees is not limited by the amount of the bond filed under ORS 662.090.

* * * * *

In our earlier opinion, we stated:

"This action for injunctive relief was brought under ORS 662.010-662.130, Oregon's counterpart of the federal Norris-LaGuardia Act, 29 USC § 101 *et seq.* The federal act was passed in 1932 by a Congress angered at the federal judiciary which was claimed to side with management in many of the labor disputes then facing the country. The report of the Senate Committee that reviewed the anti-injunction legislation pending before the 72nd Congress noted:

" 'That there have been abuses of judicial power in granting injunctions in labor disputes is hardly open to discussion * * *. Injunctions are often applied for and issued for the moral effect that such injunctions will have in disheartening and discouraging employees engaged in a strike, rather than any real necessity to protect property * * *.' S Rep No. 163, 72nd Cong, 1st Session at 8, 21 (1932).

Following passage of the federal act, Oregon and 22 other states passed their own anti-injunction acts. W. Wilson, Labor Law Handbook § 702 (1963 and 1976 Supplement). The Oregon act was passed in 1933. Or Laws 1933, ch 355. * * *."

296 Or at 539, 679 P2d at 290.

Oregon also adopted the provisions of section 7 of the Norris-LaGuardia Act, 29 USC § 107 (1973). ORS 662.090(2) and (3) provide:

"(2) No temporary restraining order or temporary injunction shall be issued except on condition that complainant first files an undertaking with adequate security in an amount to be fixed by the court sufficient to recompense those enjoined for any loss, expense or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs, together with a reasonable attorney fee at trial and on appeal and expense of defense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court.

"(3) The undertaking mentioned in subsection (2) of this section shall be understood to signify an agreement entered into by the complainant and the surety upon which a judgment may be rendered in the same action or proceeding against the complainant and surety, upon a hearing to assess damages of which hearing complainant and surety shall have reasonable notice, the complaintant and surety submitting themselves to the jurisdiction of the court for that purpose. This section does not deprive any party having a claim or cause of action under or upon such undertaking from electing to pursue the ordinary remedy of the party by action for legal or equitable remedies."

ORS 662.090(2) contains two main protections. First, if a temporary restraining order or temporary injunction is improvidently or erroneously issued, those persons who sustain any "loss, expense or damage * * * including all reasonable costs, together with a reasonable attorney fee at trial and on appeal," are entitled to recover those amounts from the plaintiff who brought the suit. Second, to further protect such defendants, and to insure that the specified items of "damage" readily are collectible, any plaintiff who seeks a temporary restraining order or temporary injunction is required to file an undertaking.

I

We first consider the plaintiff's claim that our cost sheet forecloses the defendants' claim for attorney fees.

ORS 20.015 provides:

"As used in this chapter 'prevailing party' on appeal may include, *at the discretion of the appellate court,* any party who obtains a substantial modification of the judgment, decree or other decision of the trial court" (Emphasis added.)

ORS 20.310 provides:

*"When costs are allowed to the prevailing party on appeal to the Supreme Court* or Court of Appeals the appearance fees, attorney fees, as provided by law; the necessary expenses of transcript or abstract, as the law or rule require; the printing required by rule of the court, and the transcript of testimony or other proceedings, when necessarily forming part of the record on appeal, shall be taxed in the Supreme Court or Court of Appeals as costs of the appeal." (Emphasis added.)

When we stated that "no costs are awarded to either party," we had in mind the costs and disbursements otherwise recoverable on appeal under ORS 20.310, including costs recoverable under ORS 20.190.[1] In the exercise of our discretion, we decided that those items of costs and disbursements would not be assessed against any party. We had not considered and did not intend to foreclose a claim for attorney fees under ORS 662.090.

---

[1] ORS 20.190 provides:

"A prevailing party in a civil action or proceeding who has a right to recover costs and disbursements in the following cases also has a right to recover, as a part of the costs and disbursements, the following additional amounts:

"(1) In the Supreme Court or Court of Appeals, on an appeal, $85.

"* * * * *."

The 1985 legislature amended ORS 20.310(1) to read:

"In any appeal to the Court of Appeals or review by the Supreme Court, the court shall allow costs and disbursements to the prevailing party, unless a statute provides that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless *the court directs otherwise.* * * *." (Emphasis added.)

Compare ORCP 68B.:

"In any action, costs and disbursements shall be allowed to the prevailing party, unless these rules or other rule or statute direct that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, *or unless the court directs otherwise.* * * *" (Emphasis added.)

## II

The plaintiff's second objection is that defendants other than Billy Frazier are entitled to no attorney fee because the appellate effort was expended by "all the defendants together." As stated earlier, ORS 662.090(2) was intended to provide for the recovery of specified items of damage by persons as to whom temporary restraining orders or temporary injunctions were improvidently or erroneously issued. In our earlier opinion, we held that the trial court erred and that no injunction should have issued against any defendant other than Billy Frazier. Therefore, the defendants other than Billy Frazier have made out a claim for the recovery of a reasonable attorney fee in this court.

The plaintiff argues that "nothing in defendants' petition * * * indicates that the appellate effort was not expended [for] all the defendants together." The materials supplied by the defendants do not segregate the services rendered on behalf of the defendants other than Billy Frazier. We grant leave to the defendants to prepare and submit a further affidavit supporting their claim for services rendered on behalf of all defendants except the defendant Billy Frazier. *See* ORAP 11.10(1).

## III

The plaintiff also objects to the award of attorney fees in this court on the ground that this court "does not rule on trial court attorney fee requests." The plaintiff is correct.

Our normal practice in cases such as this—in which the trial court is reversed and the trial court has not had an opportunity to consider the appellant's claim for attorney fees incurred in the trial court—is to here consider only the claim for attorney services rendered in this court, and to leave to the trial court the consideration of the claim for attorney fees incurred therein. We follow that practice here. This case will be remanded to the trial court, after we consider the defendants' further affidavit referred to in section II above.

# IV

■ That brings us to the principal issue remaining, whether the amount of the undertaking operates as a limitation upon the authority of a court to award attorney fees in excess of that amount. As earlier stated, ORS 662.090(2) has two predominant purposes. One is to provide for the recovery or specific items of "damage" by the party against whom a temporary restraining order or temporary injunction was improvidently or erroneously issued. The second is to assure quick collection of the recoverable items of damage listed in ORS 662.090(2) by requiring the filing of "an undertaking with adequate security."

If no bond were filed, it is likely that we would still assess damages in an appropriate case because the primary obligation is that of the unsuccessful plaintiff. We do not read the statute to condition the award of recoverable damages on the filing of the bond. Such a result would go against the remedial purpose of the legislation.[2] The failure of one party to file a bond required for additional protection of another party should not enable the former to escape an obligation owed to the latter.

Entirely different legal principles operate to limit the surety's liability to the amount of its undertaking. Because the obligation of the principal is separate from and in addition to the obligation of the surety, we hold that the amount of the bond does not operate as a limitation upon any award of attorney fees.[3]

The plaintiff's objections to the award of attorney fees are overruled. The defendants who seek attorney fees are

---

[2] See Intern. U., United Auto., Etc. v. LaSalle Mach. Tool, 696 F2d 452, 459 (6th Cir 1982); Houston & North Texas M. F. Lines v. Local No. 745, Etc., 27 F Supp 262, 264 (ND Texas 1939).

[3] The plaintiff correctly asserts that most federal circuit courts considering this issue have held that the amount of the undertaking limits the award of an attorney fee to the amount of the undertaking. See, e.g., Chicago Typographical U. v. Chicago Newspaper, 620 F2d 602, 605 (7th Cir 1980). United States Steel Corp. v. United Mine Wkrs. of Amer., 456 F2d 483, 490-93 (3rd Cir 1972), reaches the same result we reach.

We note the requirement of ORS 662.090(3) that the plaintiff and the surety are entitled to reasonable notice. The record does not show that the surety has been put on notice of the hearing to assess damages under ORS 662.090(2). In view of the financial resources of the plaintiff, the lack of notice to the surety is, in all likelihood, academic.

ordered to submit a further affidavit in support of their claim for attorney fees. After the attorney fees question in this court finally is decided, we will remand the case to the trial court for entry of a further revised temporary injunction (as we ordered in our earlier opinion, 296 Or at 548, 679 P2d at 295) and for such other proceedings as are appropriate in light of section IV of this opinion.