# NIEDERMEYER,
*Appellant,*

*v.*

# LATIMER et al,
*Respondents.*

(83-6-385; CA A45489)

755 P2d 717

Richard A. Weill, Portland, argued the cause and filed the briefs for appellant.

Deanne L. Darling, West Linn, argued the cause for respondents. With her on the brief were Michael D. Walsh and Hutchison, Hammond, Walsh, Herndon & Darling, West Linn.

Before Warden, Presiding Judge, and Joseph, Chief Judge and Riggs, Judge pro tempore.

RIGGS, J., pro tempore.

**RIGGS, J.,** pro tempore.

Plaintiff appeals from a trial court judgment denying her request for attorney fees. We affirm.

Plaintiff brought an action for rescission of a contract to purchase defendants' vacation residence. Defendants counterclaimed for breach of contract. In the trial court judgment was entered for defendants on plaintiff's claim and on their counterclaim. The court awarded defendants attorney fees pursuant to a provision in the contract.

Plaintiff appealed. We reversed and remanded with instructions to enter judgment for plaintiff on her rescission claim and on defendants' counterclaim and to award defendants such damages, if any, that would be necessary to restore the *status quo* between the parties. *Neidermeyer v. Latimer,* 79 Or App 116, 717 P2d 1265, *rev den* 301 Or 241 (1986). Plaintiff filed a petition for attorney fees in this court pursuant to ORAP 11.10. The affidavit in support of the petition incorporated as an exhibit the billing statements of plaintiff's attorneys, with segregated trial and appellate time and separate dollar figures noted for each in the affidavit. Plaintiff concedes that the petition did not comply with ORAP 11.10(1), because it did not state the time devoted to each task. Defendant filed an objection, and we denied plaintiff's petition.

On remand, the trial court entered judgment in accordance with our instructions. Plaintiff then filed a Statement of Costs and Disbursements, claiming attorney fees for trial court time in the petition that we had denied. Defendants objected, and the trial court denied plaintiff's request for attorney fees.

On appeal, the only issue is whether plaintiff is entitled to attorney fees incurred at the trial level. Plaintiff concedes that a party may not prevail on a claim to rescind a contract and also reap the benefit of an attorney fee provision in the contract. *Bodenhamer v. Patterson,* 278 Or 367, 563 P2d 1212 (1977); *Pickinpaugh v. Morton,* 268 Or 9, 519 P2d 91 (1974); *see also John Deere Co. v. Epstein,* 91 Or App 195, 755 P2d 711 (1988). However, plaintiff claims that its successful defense of defendants' counterclaim for breach of contract and damages distinguishes this case from *Bodenhamer* and

*Pickinpaugh* and forms a basis on which the trial court could award fees.

We conclude that plaintiff has no basis to recover attorney fees. It may be that the wisdom of *Bodenhamer* and *Pickinpaugh* with respect to the recovery of attorney fees is appropriate for reexamination for the reasons expressed in Justice O'Connell's dissent in *Pickinpaugh*. Nevertheless, under the rule of those cases, successful prosecution of rescission precludes reliance on any of the contract provisions, notwithstanding the successful defense of a counterclaim under the contract.

Affirmed.