Argued and submitted November 2, 1988, the decision of the Court of Appeals affirming judgment of the circuit court affirmed March 7, 1989

NIEDERMEYER,
*Petitioner on Review,*

*v.*

LATIMER et ux,
*Respondents on Review.*

(TC 83-6-385; CA A45489; SC S35302)

769 P2d 771

Christopher James of Christopher James, P.C., Portland, argued the cause for petitioner on review. With him on the petition was Richard A. Weill, Portland.

Deanne L. Darling of Hutchison, Hammond, Walsh, Herndon & Darling, P.C., West Linn, argued the cause for respondents on review. With her on the response brief was Michael D. Walsh, West Linn.

Before Peterson, Chief Justice, and Linde, Campbell,** Carson, Jones and Gillette, Justices.

** Campbell, J., retired December 31, 1988.

LINDE, J.

## LINDE, J.

The question before us is whether a party is entitled to contractual attorney fees, made reciprocal by statute, if the party successfully defends against an action for breach and also wins rescission of the contract. The Court of Appeals decided that a party in such a situation could not recover attorney fees, and we affirm that decision.

In the present case, plaintiff initiated the litigation by suing to rescind a contract to purchase defendants' vacation house. Defendants counterclaimed for breach of contract and demanded attorney fees under a provision of the contract. Defendants initially won a judgment and an award of attorney fees under the contract, but the Court of Appeals reversed that judgment, holding that plaintiff was entitled to rescission of the contract. *Niedermeyer v. Latimer,* 79 Or App 116, 717 P2d 1265, *rev den* 301 Or 241 (1986). Plaintiff then submitted a petition for attorney fees itemizing fees incurred at trial and on appeal, which the Court of Appeals denied without explanation.

After obtaining entry of judgment on remand, plaintiff filed a statement of costs and disbursements in the trial court, including a claim for attorney fees incurred at trial. Believing itself bound by the denial of fees by the Court of Appeals, the circuit court also denied this claim. In affirming that denial of attorney fees, the Court of Appeals held that a plaintiff who successfully sues for rescission and therefore prevails against a counterclaim for breach of contract may not invoke the rescinded contract to recover attorney fees, for which the court relied on *Bodenhamer v. Patterson,* 278 Or 367, 563 P2d 1212 (1977), and *Pickinpaugh v. Morton,* 268 Or 9, 519 P2d 91 (1974). *Niedermeyer v. Latimer,* 91 Or App 304, 755 P2d 717 (1988). We agree.

There is a preliminary question whether the present issue is foreclosed by the earlier denial of attorney fees by the Court of Appeals, which plaintiff did not ask us to review. In the absence of another explanation, we do not believe that this denial meant to foreclose an application to the circuit court, because the usual practice is to have that court rather than an appellate court award attorney fees incurred at trial. *See Louisiana-Pacific v. Lumber and Sawmill Workers,* 299 Or 525, 531, 704 P2d 104 (1985).

The contract clause here at issue provided:

"In case of any suit or action by the seller (1) to recover such [specified] damages, or (2) to recover sums due on this agreement, or (3) to replevy said personal property, buyer agrees to pay such sum as the court may deem reasonable as attorney's fees to be allowed plaintiff in such suit or action."

The reciprocity of the obligation rests on ORS 20.096(1):

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

The statute does not go beyond providing reciprocity to the extent that a contract provides for attorney fees only in favor of one party, usually the party in a position to choose the form of contract to be used. *See Jewell v. Triple B. Enterprises,* 290 Or 885, 888, 626 P2d 1383 (1981), citing earlier cases.

*Bodenhamer v. Patterson, supra,* held that a successful suit for rescission of a contract ordinarily includes rescission of a provision for attorney fees contained in the contract. The party in whose favor the clause is written could not win rescission of the contract and also attorney fees under it. Because ORS 20.096(1) does not itself provide a right to attorney fees but only reciprocity for contractual rights, the statute similarly gives no attorney fees to the other party to the contract. Neither party could claim attorney fees after successfully suing to rescind the contract, as this contract is written, and plaintiff in fact did not include a claim for attorney fees in her original complaint.

The only distinction on which a different result in this case could be based is that plaintiff prevailed against defendant's counterclaim for an alleged breach as well as on her suit to rescind the contract. Plaintiff asserts that the denial of contractual attorney fees for a successful rescission of a contract is a "judicially created rule" and that it produces "freakish" results because it allows or denies attorney fees on a given state of facts depending on whether a party successfully defends against enforcement of the contract or obtains a judgment rescinding it.

The criticisms of ORS 20.096 may be well taken. The statute has proved troublesome in different situations, *see, e.g., Jewell v. Triple B. Enterprises, supra,* and it may need revision. Plaintiff suggests that we reexamine the *Bodenhamer* premise that a suit for rescission is not an action on the contract, as suggested by Justice O'Connell in dissent in *Pickinpaugh,* 268 Or at 18. But we have not been shown that contracting parties, at least in individually negotiated arms-length transactions, could not include a mutual agreement that the loser will pay the winner's attorney fees in a suit to rescind as well as one to "enforce" a contract rather than relying on the typical one-sided clause and ORS 20.096(1).[1] Although plaintiff complains that the statute unreasonably makes attorney fees depend on whether the case begins as one to enforce or one to rescind the contract, the statutory policy that the provision be reciprocal whichever party prevails has not been violated.[2]

The decision of the Court of Appeals, affirming the judgment of the circuit court, is affirmed.

---

[1] We do not discuss what effect ORS 20.096(1) would have if a contract included the word "rescind" in only one party's obligation.

[2] Plaintiff did not segregate attorney fees for defending against the counterclaim from the claimed attorney fees for winning the judgment of rescission.